In the Matter of FEDERATED DEPART-MENT STORES, INC., Allied Stores Corporation, et al., Debtors.

ALLIED STORES CORPORATION, et al., Plaintiff,

v.

FEDERAL INSURANCE COMPANY, Defendant.

Bankruptcy No. 1–90–00130.
Adv. No. 1–92–0006.

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 5, 1992.

See also 135 B.R. 973.

---

**2.** or appropriate affidavit or bond, if so re-   quired.

## ORDER RE: CORE STATUS AND AND RIGHT TO JURY TRIAL

J. VINCENT AUG, Jr., Bankruptcy Judge.

These matters are before the Court on the Motion of Federal Insurance Company ("Federal") for a determination that the proceeding is noncore and the Motion of Federal for a withdrawal of the reference to this Court. After review of these documents and other relevant pleadings, the Court makes the following findings of fact and conclusions of law.

## BACKGROUND

The Debtor filed its petition for relief under Chapter 11 on January 15, 1990. On February 9, 1990 Federal sold to the Debtor a $20 million fiduciary liability insurance policy. The Debtor has filed the within adversary proceeding to resolve a coverage dispute under this insurance policy.

During the course of its Chapter 11 case, the Debtor entered into a Settlement Agreement with the IRS and the Debtor's Retirement Benefit and Profit–Sharing Investment Program (the "Retirement Program"). The IRS had asserted tax deficiencies against the Retirement Program in excess of $85 million and had sought to disallow deductions of approximately $6 million for the Debtor's contributions to the Retirement Program regarding tax years in 1986 and 1987. The Retirement Program had, in turn, filed contingent claims against the Debtor for any tax liability it might incur as a result of the IRS's actions, alleging that such tax liability should be attributed to the Debtor's breach of fiduciary duty in administering the Program. The Settlement Agreement resolved the Retirement Program's claims against the Debtor as well as the IRS's claims against the Retirement Program and the Debtor.

The Settlement Agreement obligated the Debtor to pay the IRS $6 million in cash and to recognize an allowed general unsecured claim by the IRS against the Debtor in the amount of $16 million. Thus, the settlement of the claims by the IRS and the

Retirement Program caused the Debtor to incur liabilities totalling $22 million. The Settlement Agreement was approved by this Court.

Subsequently, the Debtor sought to recover the $22 million loss incurred as a result of the Settlement under the fiduciary liability insurance policy. When Federal disclaimed coverage, the Debtor filed this adversary proceeding. In its complaint, the Debtor seeks both a declaratory judgment that Federal is obligated to pay the loss incurred by the Debtor as a result of the Settlement Agreement and an order requiring Federal to turn over to the Debtor the proceeds of the insurance policy, which constitute property of the estate. The Debtor also seeks damages for Federal's breach of its contractual duty to reimburse the estate for costs incurred in defending against the claims made by the IRS and the Retirement Program.

' Federal has filed its Answer with its jury demand as well as its Motion for Determination That Proceeding is Non-core and its Motion for Withdrawal of the Reference. In its Memorandum and Order entered on June 10, 1992, the District Court denied the Motion to withdraw the reference stating that the question of whether Federal is entitled to a jury trial is best addressed by the Bankruptcy court. The District Court also directed this Court to determine whether or not the proceeding is a core proceeding. The answers to both questions will determine the procedural future of this case.

*Is This Proceeding Core or Non–Core?*

Subsection (b)(2) of 28 U.S.C. § 157 provides that core proceedings include, but are not limited to fifteen specified types of proceedings, the first category being "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A). These nebulous words can be interpreted to mean almost anything, *e.g. In re Commercial Heat Treating of Dayton, Inc.,* 80 B.R. 880, 887 (S.D.Ohio 1987) (Waldron, J.) ("elastic language"), and hence lend little guidance to the courts. Accordingly, it appears that the courts have turned to other more concrete "tests"

when confronted with the question of whether or not a matter concerns the administration of the estate. One such concrete test the courts have developed is whether or not the action is for a post petition breach of a post petition contract. *E.g., In re Arnold Print Works, Inc.,* 815 F.2d 165 (1st Cir.1987) (debtor's action against buyer for breach of post petition contract was a core proceeding concerning the administration of estate); *Edgecomb Metals Co., v. Eastmet Corp.,* 89 B.R. 546 (D.Md.1988) (action against debtor for breach of post petition contract was core proceeding concerning administration of estate.

Several Courts have applied this test when the contract at issue is a post petition insurance policy *See, In Re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.), *vacated and remanded on other grounds,* — U.S. —, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated on remand,* 924 F.2d 36 (2d Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991) (action by debtor to collect proceeds from post petition casualty insurance policy found to be core proceeding concerning administration of estate); *In re Mike Burns, Inn, Inc.,* 70 B.R. 863 (Bankr.D.Mass.1987) (action by debtor for breach of post petition insurance contract found to be core proceeding concerning administration of estate); *In re Heaven Sent, Ltd.,* 50 B.R. 636 (Bankr. E.D.Pa.1985) (action to protect postpetition insurance contract necessary for reorganization found to be core proceeding affecting administration of the estate).

The validity of this concrete test is supported by a brief history of Section 157. Congress created the core proceeding limitation on the Bankruptcy Court's jurisdiction in response to *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which involved allegations of breach of contract and warranty, misrepresentation, coercion and duress. The *Marathon* Court distinguished public rights, or those arising between the government and others which non-Article III courts can adjudicate, and private rights, or those involving the

liability of one individual to another under state law, which must be adjudicated by an Article III court. The *Marathon* plurality held that the debtor's cause of action in that case was a private right "created by *state* law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the Bankruptcy court." *Id.* at 84, 102 S.Ct. at 2877 (emphasis in original).

In the wake of *Marathon*, the First circuit drew a clear distinction between prepetition and post petition contracts in *Arnold Print Works*, 815 F.2d 165 (1st Cir. 1987) (where post petition purchaser of debtor's equipment failed to pay agreed purchase price) stating that the debtor's action to collect on a post petition contract, "unlike a suit to recover a prepetition debt, falls within the literal language wording of § 157(b)(2)(A) "because it involves a claim that arose out of the administrative activities of a debtor-in-possession." *Id.* at 168. The First Circuit continued:

> A party who contracts with an apparently healthy company—a company that has not filed a petition in bankruptcy—may find it unpleasantly surprising to have to defend its *pre*-petition contract in a bankruptcy court, without a jury or Article III protections. But it is difficult to see any unfair surprise in bringing a post-petition contract action before a bankruptcy court. Parties who contract with a bankrupt company's trustee or with a debtor-in-possession know that they are dealing with an agent responsible to a bankruptcy court, that the bankruptcy court would resolve subsequent disputes should therefore come as no surprise. Cf. 41 U.S.C. §§ 660 et seq. (1982) (establishing that parties who enter into contracts with the government subject themselves to a set of administrative procedures for resolving disputes growing out of those contracts).

815 F.2d at 170 (emphasis by the court). *See also, In re Ben Cooper*, 896 F.2d at 1399 ("post petition complaint that has as its subject matter an estate asset must be analyzed differently than one arising prepetition); and *In re SPI Communications & Marketing, Inc.*, 112 B.R. 507, 510 (Bankr.N.D.N.Y.1990) (a post petition "contract is a contract with the court itself" and the "party entering into the contract thereby subjects himself ... to the bankruptcy court's jurisdiction").

Federal argues that *Arnold Print Works* and its progeny erroneously view *Marathon* too narrowly and § 157(b)(2) too broadly in that the critical element should not be one of timing. This Court disagrees. For the oft quoted language in *Marathon* includes the phrase "antecedent to the reorganization petition", clearly indicating a distinction between rights which arose before the filing of the petition and rights which arise after the filing of the petition. *See also, In re Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880, 888 (Bankr.S.D.Ohio 1987) (one of the four characteristics given to a non-core proceeding is a cause of action that existed *prior* to the filing of the bankruptcy).

Although the tax liabilities arose from the Debtor's 1986 and 1987 tax years, the insurance contract was entered into post petition. The Settlement Agreement which effected the Debtor's loss was entered into post petition, and Federal's disclaimer of coverage was a post petition event. This is clearly an allegation of a post petition breach of a post petition contract, and as such is a core proceeding under § 157(b)(2)(A).

The fact that the relationship between the Debtor and Federal may have predated the insurance policy in issue and the fact that the insurance policy may have been procured through an insurance broker does not change the fact that the insurance policy was a post petition contract.

Since this Court has decided that the matter is a core proceeding under § 157(b)(2)(A), it is not necessary to address the issue of whether or not the matter is a core proceeding under § 157(b)(2)(E).

*Does Federal Have The Right To A Jury Trial?*

■ Although the above analysis shows the matter to be a core proceeding, such is not dispositive of the question of a right to

a jury trial. First, the two questions are different and second, while the language of § 152(b)(2)(A) may be said to be rather broad, it may also be said to be rather vague.

■ The Seventh Amendment provides for jury trials in suits at common law. Under the analysis as developed by the Supreme Court in *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), if the claim involves a public right (as opposed to a private right) then there is no absolute right to a jury as provided by the Seventh Amendment. More specifically, if congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder, then there is no right to a jury trial. *Id.* at 54, 109 S.Ct. at 2796. However, a party's right to a jury trial may not be eliminated merely by "relabeling" the state-law cause of action as a core proceeding. *Id.* at 61, 109 S.Ct. at 2800.

As aptly stated by Federal in its brief, there is no public right at work in this adversary proceeding. The substantive issues as set forth in the Complaint and Answer are those of contract law and insurance law which are traditionally private rights.

Numerous cases have also come to this somewhat anomalous conclusion where a proceeding is found to be a core proceeding yet the right to a jury trial is still preserved. *Granfinanciera v. Nordberg*, 492 U.S. 33, 56, 109 S.Ct. 2782, 2797, 106 L.Ed.2d 26 (1989) (despite § 548 of the Bankruptcy Code, fraudulent conveyance actions are triable to a jury because they are quintessentially suits at common law that more nearly resemble state-law contract claims brought by debtor to augment the estate); *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990) (citation omitted) (debtor's claim for fire damage under post-petition casualty insurance policy found to be core proceeding but court ruled defendants were entitled to trial by jury); *In re SPI Communications & Marketing, Inc.*, 112 B.R. 507, 512 (Bankr.N.D.N.Y.1990) (where action against debtor's former,

court-appointed bankruptcy counsel for monetary relief based upon counsel's alleged breach of his professional obligations, court ruled that the legal nature of the claim as well as the relief sought, support the conclusion that counsel is entitled to a jury trial). In fact, in *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169 (6th Cir.1992), the Sixth Circuit recently found it unnecessary to even determine whether the proceeding was core or non-core since it was the District Court which would be the court conducting the jury trial.

In conclusion, we hold that Federal has the right to a trial by jury.

■ In this District, it has been determined that Bankruptcy Courts may not conduct jury trials. *Id.* However, until a proceeding is ready for trial, Bankruptcy Courts may continue to oversee discovery, hold pretrial conferences and rule on motions, both dispositive and nondispositive. *City Fire Equipment Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645 (N.D.Ala.1989) (en banc), *cited by In re Suburban Motor Freight*, No. Ms–2–91–152 (S.D.Ohio 1992 filed February 10, 1992) (Holschuh, J.) In fact in its Memorandum and Order entered on June 9, 1992, the District Court concluded that "at this stage in the proceeding, the bankruptcy court is in a better position to monitor the progress of this litigation and to resolve any dispositive or discovery motions that the parties may file." It is noted that the Debtor has stated its intention to file a motion for summary judgment in the within adversary action; this anticipated motion shall be heard by this Court.

If and when it appears that this proceeding must be tried, a new motion to withdraw the reference would be appropriate.

IT IS SO ORDERED.