In re FLORIDA HOTEL PROPERTIES LIMITED PARTNERSHIP, Tax I.D. No. 56–1545811, Debtor.

Edward D. BOWERS, Trustee of the Florida Hotel Properties Limited Partnership Plan Trust, Plaintiff,

v.

McGLADREY & PULLEN and E. Dean Duncan, Defendants.

No. 3:93CV361–P.
Bankruptcy No. C–B–91–31425.
Adv. No. 93–3317.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 4, 1994.

Joseph E. Grier, III, Grier & Grier, Charlotte, NC, for plaintiff.

William L. Rikard, Jr., Parker Poe, Adams & Bernstein, Charlotte, NC, Robert R. Watson, Lindsay Reichmann, Sidley & Austin, Chicago, IL, for defendants.

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court to reconsider this Court's order, filed October 22, 1993, withdrawing the reference of this non-core bankruptcy adversary proceeding.

On October 12, 1993, Defendant McGladrey & Pullen (McGladrey) filed its motion to withdraw the reference of this matter to the Bankruptcy Court. The Court ruled on that motion in an order dated October 22, 1993, without knowledge that Plaintiff Edward D. Bowers and McGladrey had agreed to extend the time for Plaintiff to respond to December 6, 1993. The Court was unaware of this stipulated extension of time because it was

filed in the Bankruptcy Court, not this District Court, one day prior to the Court's order withdrawing the reference and no notice was otherwise given to this Court that the parties had agreed to an extension of time to respond. Consequently, Plaintiff notified the Court of the stipulated extension of time after the order withdrawing the reference was filed. Subsequently, the Court, in an order filed October 27, permitted Plaintiff to respond to the motion to withdraw the reference, held in abeyance the withdrawal of the reference, and agreed to reconsider its order withdrawing the reference. The Plaintiff has responded and the Court will now reconsider its October 22, 1993 order withdrawing the automatic reference to the Bankruptcy Court.

## PROCEDURAL BACKGROUND

Florida Hotel Properties Limited Partnership (Florida Hotel) filed its chapter 11 bankruptcy petition on July 2, 1991. On September 9, 1991, Plaintiff obtained the bankruptcy court's authority to retain McGladrey for the purpose of performing post-petition accounting services. Those services were provided to Plaintiff as trustee of the bankruptcy estate and on January 21, 1992, February 18, 1992, and April 13, 1992 McGladrey applied with the Bankruptcy Court for payment of its fees for the services rendered to the estate. The Bankruptcy Court approved these applications for payment.

On July 1, 1992, Plaintiff filed an action in the Bankruptcy Court against McGladrey arising out of McGladrey's pre-petition accounting services it rendered to Florida Hotel. That action stated claims for breach of contract, negligent misrepresentation, and fraud. Consequently, those claims were non-core, and arose pre-petition. On October 12, 1993, McGladrey demanded a jury trial on those claims and asked the Court to withdraw the reference from the Bankruptcy Court. McGladrey claims the reference should be withdrawn because this non-core adversary proceeding involves a suit at common law to which it has a Seventh Amendment right to a jury trial which it has not waived by consenting to a trial before the Bankruptcy Court.

## ANALYSIS

■ Apart from the effect of the post-petition claim submitted by McGladrey, it is undisputed that this case involves a non-core proceeding involving a suit at common law for which McGladrey has a Seventh Amendment right to trial by jury. The Bankruptcy Court's authority to conduct jury trials is uncertain and not before the Court. The only issue before the Court is whether McGladrey, by submitting claims for post-petition administrative services rendered to the estate, made claims against the bankruptcy estate and thereby subjected itself to the equitable jurisdiction of the Bankruptcy Court waiving its Seventh Amendment right to a jury trial for claims arising pre-petition.

In *Granfinanciera, S.A. v. Nordberg,* The Supreme Court recognized that,

> by submitting claims against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 60 ft. nt. 14, 109 S.Ct. 2782, 2800 ft. nt. 14, 106 L.Ed.2d 26 (1989).

The Supreme Court has further stated that,

> If the creditor is met, in turn, with a[n] [adversary proceeding] action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing ... action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.* As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (emphasis in original).

In both *Granfinanciera* and *Langenkamp,* the Supreme Court was faced with creditors which submitted pre-petition claims to the bankruptcy court and a trustee that brought an adversary action to recover amounts owed to the estate arising pre-petition.

The Court believes the incongruity between McGladrey's post-petition administrative claims, and Plaintiff's legal action for pre-petition wrongs bears mentioning. Plaintiff's claims seek to augment the bankruptcy estate by collecting damages awards arising from McGladrey's alleged pre-petition breach of contract, negligent misrepresentation, and fraud. However, McGladrey's "claims" upon the bankruptcy estate have nothing to do with an antecedent debt, a pre-petition cause of action, a lien or any other sort of pre-petition outstanding right to payment typically implicated in bankruptcy proceedings. Instead, McGladrey's claims arose after Florida Hotel's bankruptcy, and because of that bankruptcy. McGladrey's claims have nothing to do with the allowance or disallowance of claims. Were McGladrey's claims seeking shares of allowable and disallowable claims arising pre-petition, then the logic of *Granfinanciera* and *Langenkamp* would make it clear that both Plaintiff's and McGladrey's claims "were part of the claims-allowance process which is triable only in equity." *Id.* But in order to waive the right to a jury trial, McGladrey would need to have filed a claim and "subject[ed] [itself] to the bankruptcy court's equitable powers." *Granfinanciera,* 492 U.S. at 60 ft. nt. 14, 109 S.Ct. at 2800 ft. nt. 14.

■ The Court finds McGladrey did not file a claim as that concept is understood in *Granfinanciera* and its progenitors and progeny. Plaintiff relies on 11 U.S.C. § 101(5) as authority for the proposition that the bills submitted to the Bankruptcy Court by McGladrey were claims within the meaning of the Code. That section provides that, " 'claim' means—[a] right to payment ..." 11 U.S.C. § 101(5)(A) (1992). The Court thinks this definition of a claim must be read together with 11 U.S.C. § 507 which establishes priorities. That section further distinguishes between expenses and claims and states the first priority of expenses and claims to be paid are "administrative expenses allowed under section 503(b) of this title...." Section 503(b)(4) allows for administrative expenses to be paid in "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable ... and reimbursement for actual, necessary expenses incurred by such attorney or accountant...." 11 U.S.C. § 503(b)(4). While the broadest definition of a claim within the Code may encompass reasonable attorney and accountant expenses, the Code goes further and narrows the meaning of a claim and segregates professional "claims" out, designating them as expenses. Thus, the Court believes the "claims" made by McGladrey were not the sort of claims contemplated by the Code which are sufficient to invoke the equitable jurisdiction over a claimant like McGladrey.

From this conclusion follows the Court's second conclusion that McGladrey did not submit to the equity jurisdiction of the Bankruptcy Court at all. The post-petition claims which Plaintiff contends amount to a submission to the Bankruptcy Court's equitable jurisdiction were not, properly speaking, related to the claims-allowance process. At best, McGladrey's claims were incident and tangentially related to the claim-allowance process only insofar as the services it rendered made that process run more smoothly for the Bankruptcy Court, the Trustee, the creditors, and the Estate. Those claims only relate to the claims-allowance process in that they assisted the Trustee and the Bankruptcy Court in administering the estate. By seeking payment for its services, McGladrey did not call upon the equitable remedies of the Bankruptcy Court to satisfy its claim. Instead, McGladrey merely sought the payment for its services which were incident to the Estate's administrative expenses. If anything, McGladrey submitted to the administrative jurisdiction of the Bankruptcy Court, not its equitable jurisdiction. As such, the Court cannot conceive of how the claims for services rendered to the estate post-petition can be said to be part of the claims-allowance process in such a way that equitable jurisdiction was submitted to by McGladrey and exercised over it by the

**760**

Bankruptcy Court. McGladrey no more submitted to the Bankruptcy Court's equitable jurisdiction to adjudicate claims against the Estate at the time it rendered its accounting services than an attorney does when rendering services to the Estate in the course of a bankruptcy proceeding. Accordingly, the Court affirms its earlier decision to withdraw the reference of this matter from the Bankruptcy Court to preserve McGladrey's Seventh Amendment Right to a jury trial on the legal claims against it.

■ However, the Court will grant Plaintiff's request to proceed before the Bankruptcy Court during the pre-trial phase of this case. *Stein v. Miller,* 158 B.R. 876, 880 (S.D.Fla.1993); *Allied Stores Corp. v. Federal Insurance Co.,* 144 B.R. 993, 997 (Bankr. S.D.Ohio 1992); *O'Connell v. Terranova,* 112 B.R. 534, 538 (S.D.N.Y.1990). Accordingly, the Court will refer this case to the Bankruptcy Court to conduct all pre-trial matters including McGladrey's pending motions to dismiss, strike and order separate pleadings filed October 12, 1993.

**NOW, THEREFORE, IT IS ORDERED** that this Court's previous order, filed October 22, 1993, granting McGladrey's motion to withdraw the automatic reference of this matter be, and hereby is, **AFFIRMED.**

**IT IS FURTHER ORDERED** that this matter be, and hereby is **WITHDRAWN** from the Bankruptcy Court for the purpose of conducting a jury trial only.

**IT IS FURTHER ORDERED** that this matter be referred to the Bankruptcy Court to conduct all pre-trial proceedings including McGladrey's pending motions to dismiss, strike and order separate pleadings, filed October 12, 1993.