Thomas E. **GENTRY**, d/b/a Tom Gentry Farm, Debtor/Appellant,

v.

Kathryn R. **GENTRY**, et al., Secured Creditors/Appellees.

Civil Action No. 96–477.

United States District Court, E.D. Kentucky.

March 19, 1997.

---

begin March 20, 1997. Because the Court concludes that the bankruptcy court properly declined to abstain under the mandatory abstention provision, this motion to stay shall be denied.[1]

Robert L. Treadway, Jr., Brown, Todd & Heyburn, Lexington, KY, for Thomas E. Gentry, dba Tom Gentry Farm.

Guy Graves, Gess, Mattingly & Atchison, Lexington, KY, for Kathryn R. Gentry, Gess Mattingly & Atchison, James R. Rupert, Central Kentucky Agriculture Credit Ass'n.

Harvie B. Wilkinson, Stoll, Keenon & Park, L.L.P., Lexington, KY, for Keeneland Association.

Robert S. Ryan, Fowler, Measle & Bell, L.L.P., Lexington, KY, for PNC Bank, Kentucky, Inc.

Thomas H. Burnett, Burnett Law Office, Lexington, KY, for Kitchen Farm, Inc., L.G. Varney, Marion Varney.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on appeal from the Order of the bankruptcy court denying the motion of the appellant, Thomas E. Gentry, for mandatory abstention. Critical to whether the bankruptcy court properly declined to abstain is a determination of whether the proceedings as to the commercial reasonableness of the sale of equine collateral, pursuant to a Global Settlement Agreement, a Security Agreement, and an Order by the bankruptcy court, constitute a core proceeding under 28 U.S.C. § 157(b). *Allied Stores Corp. v. Federal Ins. Co.*, 144 B.R. 993 (Bankr.S.D.Ohio 1992). The issues have been fully briefed and this matter is ripe for consideration.

In addition, Gentry has filed an emergency motion for an Order directing the bankruptcy court to stay the bench trial scheduled to

### FINDINGS OF FACT

The protracted history of this matter has been set out in detail in the bankruptcy court's Order of October 1, 1996, from which Gentry appeals; Gentry's brief; and the appellee's brief.[2] Rather than restating the background at great length, the Court recites the following points upon which this matter turns.

The instant matter has its roots in a Chapter 11 bankruptcy proceeding filed by Thomas Gentry in 1987. The appellees here stood in the position of creditors of Gentry in that proceeding. On the theory that Gentry had made a number of fraudulent transfers to his children, adversary proceedings were commenced against Gentry, members of his family, and certain affiliated corporations.

In settlement of these proceedings, Gentry, his children, and the affiliated corporations entered into a 34–page Global Settlement Agreement (GSA) with the creditors and the Chapter 11 Trustee on January 14, 1991. The bankruptcy court subsequently approved this settlement agreement.

A number of provisions contained in the GSA are significant to the issue at hand. Section 5.6 of the GSA in effect converts the GSA into a judgment in favor of the creditors as follows:

> The approval of this agreement by the bankruptcy court shall have the full force and effect of a Judgment of the Bankruptcy Court against the Gentry Family for the Scheduled Payments ... in favor of the Trustee and the parties to this Agreement other than the Gentry Family.

1. In accordance with Bankruptcy Rule 8005, Gentry first filed a motion to stay with the bankruptcy court. That motion was denied.

2. The appellees are Keeneland Association, Inc.; Kitchen Farms, Inc.; L.G. Varney; Marion Varney; PNC Bank, Kentucky, Inc.; Kathryn R. Gentry; Gess, Mattingly & Atchison; Central Kentucky Agricultural Credit Association; and James R. Rupert (collectively referred to as the appellees).

[Record on Appeal No. 1, page 20]. The Order approving the settlement contained substantially the same language.

Section 8.5 of the GSA suspended the bankruptcy proceedings until an event of default. It provides as follows:

The parties agree that all proceedings in the Chapter 11 Case may be suspended pursuant to 11 U.S.C. § 305, or other applicable law, during the performance of this Agreement until an event of default occurs. Therefore, the Trustee, after he has completed his duties and at such time as he deems appropriate and advisable, may move the Court to suspend further proceedings under the Chapter 11 Case, including all Adversary Proceedings, until an Event of Default under this Agreement. The parties shall not oppose entry of an order suspending further proceedings in the Chapter 11 Case, including all Adversary Proceedings, provided that such order conforms to the letter and spirit of this Agreement.

[Record on Appeal No. 1, page 23].

In addition, Section 10.1(b)(1) of the GSA affords the following optional remedy upon default:

To terminate this Agreement in its entirety, with the exception of.... In that event, any payments made by the Gentry Family shall be retained by the Estate and any distributions received by any party pursuant to this Agreement shall be retained by such party. In addition, all Adversary Proceedings that have been abated or suspended in accordance with this Agreement may be reactivated and prosecuted as if this Agreement had not been executed....

[Record on Appeal No. 1, page 26]. In order to secure the stream of payments under the GSA, a security agreement was executed granting the appellees a perfected security interest in equine collateral.

Gentry eventually failed to make a scheduled payment and was therefore in default. After a hearing and in accordance with an Order by the bankruptcy court, the appellees repossessed the equine collateral. An Agreed Order was then entered directing the appellees to sell the collateral in a commercially reasonable manner. A sale was held and the proceeds apparently failed to satisfy the debt.

On June 17, 1993, the bankruptcy court entered an Order granting a motion filed by Gentry to rescind the transfer of his lender liability cause of action against First National Bank of Louisville to Hunting Horn, Inc., a corporation wholly-owned by Gentry's children. The Order specifically retained jurisdiction as follows:

This Court reserves the right to reopen this case sua sponte or upon motion as provided by 11 U.S.C. § 350(b), including without limitation to establish deficiency amounts and to enforce post-Judgment remedies, subject to any defenses or counterclaims which may be asserted concerning the disposition of the collateral which secured the Global Settlement Agreement.

[Record on Appeal No. 3, page 1]. The bankruptcy case was accordingly dismissed, although not closed.

In 1996, Gentry settled his lender liability cause of action for an undisclosed amount. The appellees then obtained writs of garnishment against this asset in the sum of $1.4 million. These funds are currently being held in escrow.

Gentry maintains that the prior sale was not commercially reasonable and that, therefore, the appellees are barred from a deficiency judgment. In lieu of raising this issue by way of motion in the bankruptcy court, Gentry filed an action in Bourbon Circuit Court seeking a declaration that the sale was not commercially reasonable. Thereafter, the appellees filed a notice of removal.

At the same time, Gentry filed a motion to abstain and close the bankruptcy case, or, in the alternative, for a jury trial. After denial of this motion, Gentry filed a notice of appeal.

## CONCLUSIONS OF LAW

The appellees previously filed a motion to dismiss the instant appeal on the grounds that the Order from which Gentry appealed was not a final and appealable order. *Zink v. United States*, 929 F.2d 1015, 1020 (5th

Cir.1991). By Order dated January 17, 1997, that motion was denied.

■ To the extent that Gentry appeals denial of his motion for mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2), the Court reiterates its earlier ruling that denial of the same is an immediately appealable order. *In re Holtzclaw*, 131 B.R. 162 (E.D.Cal.1991) ("A decision by the bankruptcy court on a question of mandatory abstention is now a final order reviewable on appeal to the district court.") (citing *In re Ascher*, 128 B.R. 639 (N.D.Ill.1991)); *Fischer v. 47th Street Photo, Inc.*, 1993 WL 126518 (S.D.N.Y. 1993) ("[The] order denying the motion for [mandatory] abstention is a final order of the bankruptcy court and as such is subject to immediate appeal. . . ."). Review of this determination on abstention, a question of law, is *de novo*. *Matter of Excalibur Auto. Corp.*, 859 F.2d 454 (7th Cir.1988); *Harbour Lights Marina, Inc. v. Wandstrat*, 153 B.R. 781 (S.D.Ohio 1993).

■ To the extent Gentry seeks review of his motion for permissive abstention, to close the bankruptcy case, and, in the alternative, for a jury trial, the Court clarifies its earlier Order. Such rulings are not immediately reviewable and so are not properly before the Court on appeal at this time. *Zink v. United States*, 929 F.2d at 1020; *In re Southern Indus. Banking Corp.*, 70 B.R. 196, 200–01 (E.D.Tenn.1986). The Court shall therefore restrict review of the bankruptcy court's Order to that portion dealing with mandatory abstention. *Cf. Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977); *Huron Valley Hosp., Inc. v. City of Pontiac*, 792 F.2d 563, 568 (6th Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986).

■ Mandatory abstention is required by either the district courts or the bankruptcy courts when a proceeding meets the four following criteria:

(1) The proceeding is based upon a "state law claim or state law cause of action;"

(2) The proceeding is "related to a case under Title 11, but not arising under Title 11 or arising in a case under Title;"

(3) The proceeding "could not have been commenced in a court of the United States absent jurisdiction under this section;"

(4) The claim or proceeding is one as to which "an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction."

28 U.S.C. § 1334(c)(2). Although the parties dispute the fourth requirement as to the timing of filing the state court action, *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579 (6th Cir.1990), the critical element is the second. Indeed, the decision of the bankruptcy court rests on the finding that the proceeding here is one which arises in the bankruptcy case. Because the Court agrees with the bankruptcy court as to this second element, no analysis of the remaining elements is necessary.

As noted in *Allied Stores Corp. v. Federal Ins. Co.*, 144 B.R. 993, 994 (Bankr.S.D.Ohio 1992), among the nonexclusive list of categories which are explicitly deemed core proceedings, 28 U.S.C. § 157(b)(2), the first category, "matters concerning the administration of the estate," is perhaps the most nebulous and therefore provides little guidance. 28 U.S.C. § 157(b)(2)(A). To delineate the boundaries of this notion, courts have developed more concrete tests which examine both the nature of the claim and its temporal relationship to the time of the filing of the petition. *Allied Stores*, 144 B.R. at 994.

In this regard, for example, the First Circuit has examined whether the proceeding is a postpetition breach of a postpetition contract. *In re Arnold Print Works, Inc.*, 815 F.2d 165 (1st Cir.1987). Likewise, the Second Circuit, rejecting the restrictive view set forth in *In re Wood*, 825 F.2d 90, 96 (5th Cir.1987), took the lead of the First Circuit in holding that a postpetition state contract law claim constituted a core proceeding. *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2nd Cir. 1990).

The facts of the matter at hand show that the instant commercial reasonableness proceeding is closely linked and, in fact, arises in the bankruptcy case. Tracing chronological-

ly, the source of the present dispute is evident: from creation of the rights in the collateral as a means of securing the payment obligations of the settlement of the bankruptcy proceeding to the sale of the collateral to the present challenge to the reasonableness of that sale. Clearly, as in *In re Arnold Print Works* and *In re Ben Cooper,* all these events arose post petition.

The rights in the equine collateral grew out of a security agreement integral to the GSA which settled the bankruptcy proceeding. But for the bankruptcy proceeding and, specifically, the GSA and its companion Security Agreement, the instant dispute over the commercial reasonableness of the disposition of the equine collateral would not exist. As a matter of fact, it was the bankruptcy court which authorized the equine to be sold and that the sale be done "in a commercially reasonable manner and as allowed by applicable law." [Record on Appeal No. 2, page 4].

There can be no claim of unfair surprise by the parties with respect to proceedings before the bankruptcy court. The GSA and various Orders in the record make it clear that, even after dismissal of the bankruptcy case, the bankruptcy court would have continuing jurisdiction over disputes to "establish deficiency amounts and to enforce post-Judgment remedies, subject to any defenses or counterclaims which may be asserted concerning the disposition of the collateral which secured the Global Settlement Agreement." The instant claim to bar a deficiency judgment is precisely the sort of counterclaim contemplated.

Finally, the GSA itself is an agreement not only between Gentry and the appellees, but also with the bankruptcy court through the Trustee as agent for the court. *Arnold Print Works,* 815 F.2d at 165. Hence, the respective rights of the parties under this agreement necessarily involve the bankruptcy court.

Therefore, the Court concludes that this proceeding as to the commercial reasonableness of the sale authorized by the bankruptcy court is a core proceeding and thus mandatory abstention was not called for.

## CONCLUSION

Having determined that the proceedings related to the commercial reasonableness of the sale of the equine collateral are core proceedings arising in the bankruptcy case, it follows that the bankruptcy court properly denied the motion to abstain under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2).

As this is the only issue properly before the Court on appeal, the Court expresses no opinion on the other arguments presented with respect to permissive abstention, the motion to close the bankruptcy case, and the alternative motion for jury trial. This matter shall, therefore, proceed to trial on March 20, 1997.

**IT IS ORDERED:**

(1) That Gentry's emergency motion for a stay of the bankruptcy court proceedings pending appeal [Record No. 14] be, and the same hereby is, **DENIED;**

(2) That in so far as the Order of the bankruptcy court denied Gentry's motion for mandatory abstention, it shall be, and the same hereby is, **AFFIRMED;**

(3) That this appeal be, and the same hereby is, **DISMISSED and STRICKEN FROM THE ACTIVE DOCKET;**

(4) That this matter shall be **REMANDED** to the bankruptcy court for further proceedings.