John T. MONAHAN, Appellant,

v.

MASSACHUSETTS DEPARTMENT
OF REVENUE, Appellee.

Bankruptcy No. 96–40009–NMG.

United States District Court,
D. Massachusetts.

Dec. 1, 1997.

Francois B. Fennessey, Charlton, MA, for Appellant.

Robert A. Carleo, Jr., Boston, MA, for Appellee.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On November 28, 1995, the Bankruptcy Court overruled the objection of John T. Monahan ("the Debtor") to the claim of the Massachusetts Department of Revenue ("MDOR"). Pending before this Court is an appeal from that Order.

### I. *Background*

On June 1, 1995, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The MDOR filed a proof of claim ("Claim") estimating the amounts due because 1) the Debtor had failed to file income tax returns for 1993 and 1994 and 2) the MDOR concluded that the Debtor, the Treasurer of Sturbridge Petroleum, Inc., a Massachusetts corporation ("Sturbridge") was a "responsible person", within the meaning of

M.G.L. c. 62C, § 31A, with a duty to pay the unpaid "trust-fund" tax liability of Sturbridge, which also had not filed several tax returns.

The Debtor objected to the Claim asserting that 1) he was not a "responsible person" as that term is defined by statute, 2) the MDOR's "assessments" were void because the MDOR had not assessed him as such pursuant to the applicable statutory and regulatory provisions and 3) the Claim for sales tax incurred more than three years before the petition date was not entitled to priority.

At the hearing on the objection, the MDOR contended that the Debtor was a "responsible person" because he was the Treasurer of the corporation. The Debtor admitted that he was the Treasurer of Sturbridge, but asserted that the President had sole responsibility for the payment of taxes. Having concluded that check signing authority was the "missing link", the Bankruptcy Court asked Debtor's counsel if he had any knowledge or evidence demonstrating that the Debtor did not have check signing authority on behalf of Sturbridge. The Debtor's counsel responded that he "did not know."

In the absence of any evidence to the contrary, the Bankruptcy Court ruled that it was

> going to assume for the present that this treasurer had signing authority, joint and several signing authority with the president; and I am going to rule against you on this.

The Court indicated that it would hear the Debtor at another time for the purpose of permitting the Debtor to establish that he did not have check signing authority. The Court also concluded that the MDOR had filed a pre-petition, contingent claim that was "conditional based upon [a subsequent] assessment".

## II. *Analysis*

Federal district courts have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy courts and, with leave of court, from interlocutory orders. 28 U.S.C. § 158(a). This Court is presented with two jurisdictional issues: whether the Order

overruling the Debtor's objection to the MDOR's Claim is a final order and, if not, whether this Court should grant leave to the Debtor to file this appeal.

### A. *Finality of the Bankruptcy Court Order*

A bankruptcy court order is final if it "conclusively determines a separable dispute over a creditor's claim or priority." *In re Saco Local Development Corp.,* 711 F.2d 441, 445–46 (1st Cir.1983).

> Generally a final order in bankruptcy must directly affect the disposition of an estate's assets, determine the outcome of an individual proceeding, or irrevocably decide a dispositive issue of law or the rights of a party.

*In re Murray,* 116 B.R. 6, 7–8 (D.Mass.1990).

The Bankruptcy Court's Order overruling the Debtor's objection to the MDOR's Claim is not a final order appealable as a matter of right. The Bankruptcy Court merely made a temporary assumption, namely:

> I'm going to assume for now—and you can establish otherwise, and I'll hear you at another time, but I'm going to assume for the present that this treasurer had signing authority ...

Transcript at 15–16. The Order does not directly affect the disposition of any assets of the estate, nor does it ultimately determine any individual proceeding or dispositive issue.

### B. *Leave to File an Interlocutory Appeal*

The decision to grant leave to file an interlocutory appeal from bankruptcy court lies within the discretion of the district court. 28 U.S.C. § 158(a). Bankruptcy Rule 8001(b) requires an appellant to file a motion for leave to file an interlocutory appeal. Where no such motion is filed, however, Bankruptcy Rule 8003 allows a court to treat a notice of appeal as a motion for leave to appeal. *In re Murray,* 116 B.R. at 8. This Court will, therefore, treat the Debtor's notice of appeal as a motion for leave to file an interlocutory appeal.

■] To determine the merits of such a motion, courts generally apply the standard applicable for certifying appeals from district courts to courts of appeals under 28 U.S.C. § 1292(b). *Id.* Under that section, leave to appeal is appropriate only when

the appeal involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation . . .

28 U.S.C. § 1292(b). Applying that standard, an interlocutory appeal is not appropriate here.

### ORDER

For the foregoing reasons, the Debtor's appeal is **DISMISSED** without prejudice.

So ordered.