Elliot SANDLER, Plaintiff, Appellee,

v.

EASTERN AIRLINES, INC.,
Defendant, Appellant.

No. 80–1771.

United States Court of Appeals,
First Circuit.

Argued April 8, 1981.

Decided May 13, 1981.

Lloyd M. Starrett, Boston, Mass., with whom Marc D. Greenbaum, Kenneth T. Lo-

patka, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for defendant, appellant.

Joseph R. Doktor, Randolph, Mass., with whom Abelson & Cohen, Randolph, Mass., was on brief, for plaintiff, appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

In December 1977, Elliot Sandler filed a complaint in federal district court against Eastern Airlines, appellant herein, alleging that,

11. The plaintiff on or about August 29, 1972, applied for the job of steward with the defendant. He was rejected for the job because, he was told, of the policy of the defendant not to hire married men, or to hire individuals with children.

12. The effect of the policies and practices of the defendant complained of in paragraph eleven (11) above, has been to deprive married men, married men with children or men with children of equal employment opportunities because of their sex and marital status.

13. As a further result of the defendant's above stated actions, the plaintiff has been deprived of income in the form of wages and of protective retirement benefits, Social Security and other benefits due to him as a worker solely because of his sex and marital status, in a sum to be proven at trial.

Eastern responded to the complaint with a motion to dismiss on the ground, *inter alia*, that,

4. The allegations of the complaint fail to state a claim upon which relief can be granted in that, among other things, the said allegations show no discrimination in employment on the basis of race, color, religion, sex or national origin, and, as appears from the complaint, defendant's alleged policy was applied equally to all applicants for employment as a flight attendant, regardless of sex.

The district court denied the motion, stating that,

because the plaintiff indicates he is proceeding on a facially-neutral disparate

impact theory, and because the record is not clear as to exactly what the defendant's policy was at the time, we cannot say on the record that the plaintiff can prove no set of facts which would entitle him to relief.

Eastern then moved for certification for immediate appellate review, under 28 U.S.C. § 1292(b), of,

> the legality, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., of an employment practice precluding married individuals and/or parents from being considered for employment as flight attendants with Eastern.

The district court granted the motion, and we granted permission for interlocutory appeal.

■ Having reviewed the parties' briefs and heard oral argument, we are no longer satisfied that the question certified "involves a controlling question of law" and that an immediate appeal "may materially advance the ultimate termination of the litigation," as required by section 1292(b). We therefore dismiss the appeal without addressing the merits of the question certified.

■ Our conclusion that the section 1292(b) criteria are not met is based on four considerations. First, we think it remains questionable whether the present complaint states a cause of action. *See Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir. 1979); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). While a plaintiff need not plead evidence, he must state facts which, if proven, would entitle him to relief. Sandler's complaint does not explicitly allege that he was denied employment solely because of his sex, in violation of Title VII; nor do the facts pleaded add up to a claim that discrimination resulted because of a facially neutral policy, lacking business justification, which had an intentional or sig-

nificantly disparate impact either on males or on females. In various proceedings since the filing of the complaint, Sandler has hinted at each of these possible theories; but the complaint itself fails to assert either of them and in argument before us Sandler remains equivocal as to the theory upon which he is proceeding. Since the question certified is the only question before us, we are not in a position to pass on the sufficiency of the complaint, but we are disinclined to address a certified question which may only be hypothetical.

Second, assuming the complaint states a claim, the issue certified to us would be controlling only if denial of employment in Sandler's case were because of a policy against hiring married persons of both sexes. In this court, Sandler seems, if anything, to be denying that Eastern's no-marriage policy was applied equally to females and males. Rather he seems to assert that any such purported policy was merely a pretext for Eastern's actual refusal to hire male flight attendants, married or unmarried. If the complaint is held to sufficiently allege this claim, and if Sandler succeeds in proving that this is the case, the question certified will neither arise nor control.

Third, even assuming that Sandler's claim is based upon a theory of disparate impact, further development of the facts will be required before a question of law, susceptible of appellate determination, emerges. Without data, it is unclear whether the purported disparate impact is on males or on females, or, indeed, whether the impact is disparate at all. It is unclear whether any such impact is sufficiently significant to fall within the purview of the statute.[1] It is equally unclear how such an impact is alleged to occur—what social or biological characteristics of males and females are alleged to have interacted with Eastern's former rule so as to produce an imbalanced effect. Eastern urges us to take judicial notice of census data so as to conclude that no disparate impact results; but unless

---

1. Most facially neutral rules, such as a rule requiring hiring from a certain geographical area, will bear somewhat more impact either on men or women, for rarely are the number of men and women in any large group exactly the

same. Thus, a difference that is significant from the statute's perspective must be shown before a cause of action is stated. *Dothard v. Rawlinson*, 433 U.S. 321, 329, 97 S.Ct. 2720, 2727, 53 L.Ed.2d 786 (1977).

Sandler clarifies the factual and theoretical basis for whatever theory of disparate impact he poses, it is impossible to tell which census data are relevant, or to evaluate the legal significance of the data. Moreover, assuming such data should become relevant, the assembling of it should be done in the district court rather than in this court.

Fourth, the certification of this case to the courts by the EEOC appears from the papers before us to have been based upon the theory that Eastern's policies discriminated against women, not men. The question of whether the plaintiff can proceed on the basis of an "anti-male" theory may therefore arise but it has neither been argued nor decided below.

The appeal is dismissed.